IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 15, 2023

## ANGELLETTE BATTS-RICHARDSON v. JEREMIAH RICHARDSON

**Appeal from the Circuit Court for Rutherford County**
**No. 76369     Bonita Jo Atwood, Judge**
_____

**No. M2023-00395-COA-R3-CV**
_____

This appeal involves a mother's post-divorce petition for modification of alimony and child support.  Because the trial court has not disposed of all of the claims raised in the  mother's petition, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

James Daniel Marshall, III, Nashville, Tennessee, for the appellant, Angellette Lashone Batts-Richardson.

William Stanley Bennett, Murfreesboro, Tennessee, for the appellee, Jeremiah Ibrahim Richardson.

## MEMORANDUM OPINION[1]

Jeremiah Ibrahim Richardson ("Father") and Angellette Lashone Batts-Richardson ("Mother") were divorced in January of 2020.  The final decree of divorce incorporated a marital dissolution agreement that awarded Mother transitional alimony and child support.  In April of 2022, Mother filed a petition seeking an extension of transitional alimony, an increase in child support, a determination of child support arrearages, attorney's fees, and that she be allowed to claim one of the parties' children on her income tax return.

Father moved to dismiss Mother's petition under Tennessee Rule of Civil Procedure 12.03.  On March 31, 2023, the trial court dismissed Mother's request for modification of

_____

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

transitional alimony and her request to claim one child on her tax return. However, the trial court declined to dismiss Mother's request to modify child support and granted Mother permission to amend her petition. There is no indication from the record that Mother ever filed an amended petition. Mother filed a notice of appeal with the clerk of this Court on March 16, 2023.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Here, the trial court has not disposed of Mother's requests to modify child support, for a determination of child support arrearages, or for attorney's fees.

The clerk received the record on appeal on June 2, 2023. After reviewing the record, this Court determined that the March 31, 2023 order was not a final judgment because the trial court had not disposed of all the claims raised in Mother's petition. On July 25, 2023, this Court ordered the parties either to obtain a final judgment disposing of the remaining claims within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, no final judgment has been received, and the parties have not otherwise responded to the show cause order.

The appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM

- 2 -